Filed 2/10/15  P. v. Smith CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  The opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>KEITH ALONZO SMITH,<br><br>    Defendant and Appellant. | G050011<br><br>(Super. Ct. No. 13WF1141)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Walter P. Schwarm and Debra C. Carrillo, Judges.  Affirmed.

Janice R. Mazur, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

*        *        *

Keith Alonzo Smith pleaded guilty to 18 offenses committed on five occasions, including second degree robbery, second degree burglary, false imprisonment, and resisting arrest. He admitted using a knife, and having suffered a serious felony prior conviction. In February 2014, the trial court imposed a 13-year prison term.

Smith's appointed counsel filed a brief under the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Counsel summarized the facts of the case, the procedural history, and possible legal issues with citations to the record and appropriate authority, but raised no specific issues, and asked this court to review the record to determine whether there were any arguable issues. Counsel did not argue against her client or assert the appeal was frivolous. Counsel submitted a declaration stating she thoroughly reviewed the record, as did a different attorney under the Appellate Defenders independent case program. Counsel advised Smith she would be filing a *Wende* brief and provided him a copy, and she advised him he could personally file a supplemental brief on his own behalf raising any issues he believed worthy of consideration. She stated she was making the appellate record available to him, and advised Smith he could request to have her relieved as counsel. We gave Smith 30 days to file a supplemental brief, and later granted him a 45-day extension, but he did not avail himself of the opportunity.

FACTS AND PROCEDURAL BACKGROUND

In April 2013, the Orange County District Attorney filed a criminal complaint alleging Smith committed the following crimes: second degree robbery (Pen. Code, §§ 211, 212.5, subd. (c), count 1; all statutory citations are to the Penal Code), false imprisonment (§§ 236, 237, subd. (a), count 2), second degree burglary (§§ 459, 460, subd. (b), count 3), and resisting arrest (§ 148, subd. (a)(1), count 4), occurring April 15, 2013; second degree robbery (§§ 211, 212.4, subd. (c), counts 5 & 6) and second degree burglary (§§ 459, 460, subd. (b), count 7), occurring September 11, 2012; second degree robbery (§§ 459, 460, subd. (b), counts 8-10), second degree burglary (§ 459, 460,

2

subd. (b), count 11), and false imprisonment (§§ 236, 273, subd. (a), counts 12 & 13), occurring June 30, 2012; second degree robbery (§§ 211, 212.5, subd. (c), count 14), occurring June 11, 2012; second degree robbery (§§ 211, 212.5, subd. (c), count 15), false imprisonment (§§ 236, 237, subd. (a), counts 16-17), and second degree burglary (§§ 459, 460, subd. (b), count 18), occurring June 21, 2011.  The complaint also alleged Smith used a knife during many of the crimes (§ 12022, subd. (b)(1)), and had suffered a prior serious felony conviction for second degree robbery in 1991 under section 667, subdivision (a) and the Three Strikes law (§§ 667, subd. (d), (e)(1), 1170.12, subd. (b), (c)(1)).

In January 2014, Smith pleaded guilty on the record.  He stated he had read, initialed, and signed the document entitled "Advisement and Waiver of Rights for a Felony Guilty Plea."  He also admitted discussed and reviewed with his lawyer the document, the facts of his case, charges, and possible defenses with his lawyer.  He stated he understood his rights listed on the form and voluntarily waived those rights, and he understood the potential immigration consequences of his plea.  He acknowledged facing a maximum sentence of 24 years in prison, but the court had indicated it would impose a 13-year prison term.  He initialed the guilty plea form stating he waived his right to appeal from "any legally authorized sentence the court imposes which is within the terms and limits of this plea agreement."  He understood he faced a parole term of three years to life after release from prison.

The court advised Smith he would be pleading guilty to several offenses qualifying as strikes under the Three Strikes law and this might result in a mandatory denial of probation and substantially increased penalties.  The court also advised Smith it would order to pay various fines and fees, and provide a DNA sample (§ 296).  Smith stated no threats or promises, other than those appearing on the plea agreement, had been made to convince him to plead guilty.  He also admitted the prior conviction allegations (§§ 667, subd. (a)(1), § 667, subds. (d), (e)(1), 1170.12, subds. (b), (c)(1)) were true.

3

Smith provided the following factual basis for his plea: "In Orange County, California, on 4/15/13 I unlawfully took the personal property of Sara B. using force or fear, I committed false imprisonment against Fnamali D., I entered U.S. Bank with intent to commit larceny, and I delayed an officer in the performance of his duties; On 11/11/12 [reporter's transcript date is September 11, 2012] I took personally [*sic*] property of Sara B. and Tiffany S. by means of force or fear, and I entered U.S. Bank with intent to commit larceny; On 6/30/12 I unlawfully took the personal property of Cara L., Carlos P., and Tiffany A. by means of force or fear. I entered U.S. Bank with intent to commit larceny, and I falsely imprisoned Christopher P. and Robert B.; On 6/11/12 I unlawfully took the personal property of Carla L. by means of force or fear; on 6/21/11 I unlawfully took the personal property of Carlos P., I falsely imprisoned Lydia M. and Paul P., and I entered U.S. Bank with intent to commit larceny. In addition, as to counts [all except 4 and 11] I personally used a deadly weapon – a knife."

Smith waived his rights under *People v. Arbuckle* (1978) 22 Cal.3d 749, 756-757 (defendant entitled to be sentenced before the trial judge who agreed to his negotiated plea of guilty). In March 2014, a different judge imposed the indicated 13-year prison sentence, comprised of the upper five-year term for second degree robbery (count 1), plus one-year for the knife-use enhancement, consecutive eight-month terms for second degree burglary (counts 3, 7 and 11), and a five-year enhancement under section 667, subdivision (a). The court imposed concurrent terms on the other felony counts, suspended sentence for the misdemeanor violation (count 4), and struck the other knife use enhancements. The court exercised its discretion to strike the prior Three Strikes conviction. (§ 1385; *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.) The court also ordered restitution to US Bank in the amount of $16,068. Smith received credit for 328 days in custody and conduct credit of 49 days.

In April 2014, Smith filed a notice of appeal stating the appeal was based on the sentence or other matters occurring after the plea.

4

DISCUSSION

Following the *Wende* guidelines, we have reviewed counsel's brief and the entire appellate record and discern no arguable issue. This includes counsel's suggestion we consider whether the trial court erred in imposing consecutive terms on the burglary counts.

Smith has not availed himself of the opportunity to file a supplemental brief (*People v. Kelly* (2006) 40 Cal.4th 106, 111 [appellate court must address issues raised personally by appellant in a *Wende* proceeding]), nor has he requested to have appellate counsel relieved. Consequently, we affirm the judgment. (*Wende*, *supra*, 25 Cal.3d at p. 443.)

DISPOSITION

The judgment is affirmed.


ARONSON, J.

WE CONCUR:


MOORE, P. J.


FYBEL, J.

5